UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 3:19-CV-30007

JENNIFER MOORE,
    Plaintiff

v.

BRITISH AIRWAYS, PLC,
a foreign corporation,
    Defendant.

## COMPLAINT

The Plaintiff, Jennifer Moore, brings this civil action against British Airways, PLC, a foreign corporation (hereinafter, "British Airways"), and alleges as follows:

## INTRODUCTION

1.     This is an action for damages, pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, 28 May 1999) (hereinafter, the "Montreal Convention") and all relevant laws applicable or related thereto based on the bodily injury of the Plaintiff, a citizen and resident of the United States, caused by an accident that occurred during the disembarkation of British Airways, Flight 202 (hereinafter, the "subject flight") an international carriage operated by British Airways, which had traveled from Boston, Massachusetts, United States to London, United Kingdom.

2.     Alternatively, this is a negligence action for damages against British Airways for breaching the duty of care owed to its passengers.

## THE PARTIES

3.      At all relevant times, the Plaintiff was a citizen and resident of  Massachusetts, United States.

4.      British Airways was and is a foreign corporation with its' principal place of business in the United States, located at 2 Park Avenue, Suite 1100, New York, New York 10016.

5.      At all relevant times, British Airways has been authorized to do business in the Commonwealth of Massachusetts or was transacting or conduction business in the Commonwealth of Massachusetts. British Airways' Registered Agent is C T Corporation System, which is located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

## JURISDICTIONAL ALLEGATIONS

6.      Subject matter jurisdiction is proper in the courts located in this country because this is a civil action arising under the Montreal Convention and its related laws and regulations.

7.      The Montreal Convention grants this Court subject mater jurisdiction over this case because the subject flight was "international carriage" between two "State Parties" under Article 1 of the Montreal Convention, and because:

       a.  Prior to the subject flight, the United States and United Kingdom had signed, adopted, and ratified the Montreal Convention.

       b.  At the time of the subject flight, the Plaintiff maintained her "principal and permanent resident," Montreal Convention, Article 33(2), in the United States.

c. At the time of the subject flight, British Airways operated, and still operates, "services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a commercial agreement," Montreal Convention, Article 33(2), to locations within the United States, including and within Boston, Massachusetts.

d. At the time of the subject flight, British Airways conducted, and still conducts, "its business of carriage of passengers by air from premises" in the United States that were "leased or owned by [British Airways] itself or by another carrier with which [British Airways] ha[d] a commercial agreement," Montreal Convention, Article 33(2).

e. At the time of the subject flight, British Airways had "a place of business," within the meaning of Article 33 of the Montreal Convention, in the United States, including within Boston, Suffolk County, Massachusetts.

f. The Plaintiff purchased the ticket for the subject flight—that is, the contract of carriage—in the United States.

g. The destination of the subject flight, a roundtrip, was the United States.

8. Personal jurisdiction is proper in this Court under the Due Process Clause of the U.S. Constitution because British Airways has sufficient minimum contacts with Massachusetts because British Airways has purposefully availed itself of the privilege of doing business in Massachusetts; or because the exercise of jurisdiction over British Airways would be fair and reasonable.

## <u>GENERAL ALLEGATIONS</u>

9.      On September 14 and 15, 2018, British Airways was a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled domestic and international flights in aircrafts owned, leased, operated, managed, maintained, and controlled by British Airways and its agents and employees.

10.      On September 14 and 15, 2018, British Airways owned, operated, maintained, and otherwise controlled the subject flight by and through its agents or employees who were acting within the course and scope of their employment, and was responsible for the subject flight and the actions of its flight crew.

11.      The Plaintiff booked a fight with British Airways from Boston, Massachusetts, to London, that was set to depart on September 14, 2018.

12.      British Airways was the employer of the crew and flight attendants on the subject flight.

13.      The Plaintiff was on the subject flight when it landed in London, England around 9:00 a.m. on September 15, 2018.

14.      The Plaintiff was among the first few passengers that exited the aircraft.

15.      The jet bridge leading to the airplane for disembarking was broken. A portable set of stairs was set against the plane. The bottom step had a larger than expected drop to the ground that was not consistent with the previous steps.

16.      The Defendant did not warn the Plaintiff of the hazard.

17.      As a direct and proximate result of British Airways' failure to warn the Plaintiff of the changes in step height, the Plaintiff fell down the stairs.

18.     The fall caused significant bodily injury to the Plaintiff.

19.     The Plaintiff broke both legs from the fall and was taken by ambulance to Hillingdon Hospital Urgent Care in Uxbridge, United Kingdom where she received emergency treatment.

20.     Upon information and belief, British Airways was the owner, lessee, operator, or entity in control of the stairs in the Heathrow Airport where the Plaintiff received her instruction from its crew and where she was injured.

21.     As a direct and proximate result of British Airways' negligence and other misconduct, the Plaintiff suffered damages, for which British Airways is liable.

## COUNT I
## CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION

22.     The Plaintiff incorporates by reference the allegations in paragraphs 1 – 20 as if fully set forth herein.

23.     On September 14 and September 15, 2018, British Airways was the carrier of the Plaintiff on board British Airways Flight No. 202, in international carriage.

24.     At the time of the subject flight on September 14 and September 15, 2018, there was in force and effect in the United States and London a certain multilateral treaty relating to the rules governing international carriage by air known as the Montreal Convention.

25.     At the time of injury, the Plaintiff was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is, therefore, applicable to this action pursuant to Article 1(1) of the Montreal Convention.

26.     Pursuant to Article 17 of the Montreal Convention, British Airways, as the carrier, is strictly liable for damage sustained in case of death or bodily injury of a passenger upon

condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

27.     The Plaintiff suffered an accident under Article 17 of the Montreal Convention when British Airways failed to warn the Plaintiff of the defective condition because such failure and denial constituted an unexpected or unusual event or happening that was external to the Plaintiff and that caused her injury.

28.     The Plaintiff also suffered an accident under Article 17 of the Montreal Convention when she fell down the stairs as a direct and proximate result of British Airways having failed to provide her warning and the resultant fall were unexpected or unusual events or happenings that were external to the Plaintiff.

29.     British Airways' liability under the Montreal Convention is absolute up to the Special Drawing rights (SDR) pursuant to Article 21(1).

30.     Pursuant to Article 21(2) of the Montreal Convention, British Airways is liable to the Plaintiff for all personal injury damages exceeding the Special Drawing Rights (SDR), unless the carrier proves: (a) the injuries were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries were solely due to the negligence or other wrongful actions or omissions of a third party.

31.     The Plaintiff's damages exceed 113,100 Special Drawing Rights (SDR).

32.     At all times material, British Airways was under a duty to use reasonable care and exercise the highest degree or care in the safety of its passengers during their disembarkation at Heathrow Airport in Longford, United Kingdom.

33.     British Airways breached its duty to use reasonable care and exercise the highest degree of care by, among other things:

a. Failing to exercise reasonable care in the safety of its passengers, specifically the Plaintiff, during disembarkation;

b. Placing the Plaintiff—while in its control, direction, and instruction—in a position of immediate peril and risk of injuries;

c. Failing to follow applicable regulations and protocol, including its own, stairway assistance;

d. Failing to ensure that the operators and flight crew of the subject aircraft used standard, reasonably prudent, and acceptable techniques and skills in the disembarkation of the subject flight;

e. Failing to properly train, supervise, and monitor flight crews;

f. Failing to warn passengers on the subject flight of the danger due to British Airways' failure to provide a flight crew capable, trained, and able to properly and safely direct passengers during disembarkation; or

g. Otherwise being negligent and legally liable under applicable law.

34.    As a direct and proximate result of British Airways' actions and omissions, the Plaintiff suffered permanent injury including, but not limited to:

a. Bodily injury, scarring, resulting pain, suffering, disability, and disfigurement;

b. Mental anguish;

c. Loss of capacity for the enjoyment of life;

d. Loss earning and loss of ability to earn money; and

e. Expensive hospitalization, medical treatment, and care which losses are either permanent or will continue in the future.

WHEREFORE, the Plaintiff demands judgment in excess of the jurisdictional limits of this Court against British Airways for compensatory damages and costs, together with interest and such other relief as this Court deems appropriate.

## COUNT II
## CLAIM FOR NEGLIGENCE

35.     The Plaintiff incorporates by reference the allegations in paragraphs 1 – 33 as if fully set forth herein.

36.     At all time material, British Airways, as a common carrier, was under the highest duty to ensure its passengers a safe voyage, and to exercise the highest degree of care to prevent injury of any kind during disembarkation.

37.     British Airways breached its duty to use reasonable care and exercise the highest degree of care by, among other things:

      a.   Failing to exercise reasonable care in the safety of its passengers, during disembarkation;

      b.   Placing the Plaintiff in a position of immediate peril and risk of injuries;

      c.   Failing to follow applicable regulations and protocol, including its own, for stairway assistance;

      d.   Failing to ensure that the operators and fight crew of the subject aircraft used standard, reasonably prudent, and acceptable techniques and skills in the disembarkation of the subject flight;

      e.   Failing to properly train, supervise, and monitor flight crews;

      f.   Failing to warn passengers on the subject flight of the danger due to British Airways' failure to provide a flight crew capable, trained and able to properly and safely direct passengers during disembarkation;

g.   Otherwise being negligent and legally liable under applicable law.

38.     As a direct and proximate result of British Airways' actions and omissions, the Plaintiff sustained permanent injury including, but not limited to:

a.   Bodily injury, scarring, resulting pain, suffering, disability, and disfigurement;

b.   Mental anguish;

c.   Loss of capacity for the enjoyment of life;

d.   Loss of earning and loss of ability to earn money; and

e.   Expensive hospitalization, medical treatment and care which losses are either permanent or will continue in the future.

WHEREFORE, the Plaintiff demands judgment in excess of the jurisdictional limits of this Court against British Airways for compensatory damages and costs, together with interest and such other relief as this Court deems appropriate.

## DEMAND

The Plaintiff demands a trial by jury of all issues triable as a right by a jury.

Dated: January 21, 2019

Respectfully submitted,
The Plaintiff,
By her attorney,

_____
Kevin Chrisanthopoulos, Esq.
KC Law
30 Court Street, Suite 1
Westfield, MA 01085
Tel. (413) 251-1010
Fax. (413) 372-1610
Kevin@KCTrialAttorney.com
BBO #643734